REDMANN, Judge,
dissenting.
The trial judge dismissed this suit because the president of plaintiff corporation Eastlake (who instituted the suit for plaintiff) is also president and sole shareholder of defendant corporation Iberia (though not of the real defendant, Lanark). That circumstance, however, is no obstacle to this suit, which is not one by an individual against himself but one by one legal person against another, wholly separate legal person.
The majority affirms on the grounds that (a) if plaintiff foreign corporation is doing business in Louisiana without having qualified, La.R.S. 12:814 A prevents its suit and (b) if plaintiff is not doing business in Louisiana it may sue but its suit must be authorized by its board of directors.
The assumption of the majority opinion is that the president of a foreign corporation not doing business in Louisiana has no authority to brihg suit for the corporation. I dissent from that assumption.
La.R.S. 12:82 G provides that
the president ... of any corporation or any foreign corporation doing business in this state, shall have power in the name and behalf of the corporation to authorize the institution ... of any suit and other legal proceedings, and no exception of want of authority shall lie on the part of any other party.
Although that statute is silent as to foreign corporations not doing business in the state, the conclusion seems unwarranted that the president of such a corporation must be presumed to lack authority to sue, when the general rule as to all corporations is to the contrary. See Fletcher, Cyclopedia Corporations, § 4216 (rev.1976);[1] Henn, Corporations (2d ed., 1970), § 225.[2] Because La.R.S. 12:82 G is otherwise consistent with the general rule, its silence on foreign corporations not doing business in Louisiana should not be interpreted to institute a contrary rule as to those corporations.[3]
The facts of this case, furthermore, call for maintaining the suit instituted by plaintiff’s president. He and his father own 50% of plaintiffs shares and should alone exercise the corporate powers as to this suit because the other 50% belong to Lanark (the real defendant) and the Lanark-named directors have a conflict of interest that should prevent their vote. (See La.R.S. 12:84.) That plaintiff’s president owns 100% of “defendants”-garnishee Iberia presents no conflict of interest because Iberia concedes it owes the money in question, and the only issue is whether Lanark is indebted to plaintiff on the related contract alleged. If the Lanark-named directors of plaintiff corporation can prevent plaintiff’s suit against Lanark, then the non-Lanark shareholders will be unable to benefit from the plaintiff-Lanark contract sued on.
The correct result is to overrule Lanark’s exceptions and allow trial on the merits.

. “The president or chief executive officer of a corporation according to the more modern authorities, ordinarily has power to institute suits on behalf of the corporation, although there are cases to the contrary.”

. “So far as instituting corporate litigation or arbitration in the corporate name is concerned, the president or any other officer or person acting as general manager usually has implied authority to do so, but such implied authority, like other implied authority, can be negatived by provisions in the articles of incorporation or bylaws or by resolution of the board of directors.”

.Lanark’s argument that Panamanian law disables a president to act without board authorization rests exclusively on that law’s rule that corporate powers are vested in the board of directors. Because that is also the rule in Louisiana, La.R.S. 12:81 A, and, so far as this writer is informed, also the rule in every other jurisdiction, Lanark’s argument is unfounded.